UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY NOLAN NORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2630** |
| **TERREBONNE PARISH JUSTICE COMPLEX** | **SECTION "P"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Background**

Plaintiff Kelly Nelson Norris ("Norris") is a pretrial detainee house in Terrebonne Parish Criminal Justice Complex ("TPCJC"). ECF No. 1, ¶III, at 3-4. Norris filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against TPCJC claiming that after an altercation with another inmate on September 8, 2024, he was placed in lockdown for 45 days. *Id*., ¶IV, at 5. After he was taken off lockdown, Norris states that he was still not allowed to be around other inmates due to the incident. *Id*. Norris claims that at the time of the incident he was off his medication and housed in an open dorm, which the jail should not have done. *Id*.

Norris claims that the jail keeping him away from other inmates constitutes cruel and unusual punishment in violation of his Eighth Amendment rights. ECF No. 1, ¶IV, at 5. Norris alleges that he may not be allowed to be around other inmates as retaliation for filing a lawsuit a

long time ago. *Id*. As relief, he seeks that he be allowed to be in population with the other inmates and monetary damages for pain and suffering. *Id*.; ¶¶IV-V, at 4-6.

## II.     Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28). Thus, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.     Analysis**

    **A.     Terrebonne Criminal Justice Complex**

Norris named TPCJC as the sole defendant in this matter. ECF No. 1, ¶III, at 4. However, the jail itself is not a proper defendant, and the claims against it must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

A plaintiff bringing a § 1983 complaint is required to identify both a constitutional violation and the responsible person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). The TPCJC however, is not recognized as a "person" within the meaning of § 1983. *See Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. June 9, 2008) (Order adopting attached Report and Recommendation).

In Louisiana, a jail facility is not an entity "legally empowered to do" anything independent of either the responsible parish officials or the parish sheriff. *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). Since a jail is not a juridical entity under state law, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 . . ." and jails "are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas*, 567 F. Supp. 2d at 892; *see* FED. R. CIV. P. 17(b). As one division of this Court has noted, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D. La. May 8, 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Parish Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174, at *4 (E.D. La. Aug. 10, 2015).

For these reasons, the TPCJC is not a person or suable entity to be held liable under § 1983. The claims against the TPCJC are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

**B.     Administrative Lockdown and Classification**

To state a claim under § 1983 arising from initial placement in lockdown and being housed away from other inmates, Norris must have alleged the requisite knowledge or personal involvement necessary to state a § 1983 claim against a TPCJC official, if one had been named as defendant. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981) (a defendant is liable under § 1983 only if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."). However, even if Norris could identify a proper defendant, his claims are still frivolous because he has not alleged a constitutional violation arising from the conditions of his confinement as required to state a claim under § 1983.

The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001); *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones").   A constitutional violation occurs only when two requirements are met:  (1) there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need;" and (2) under a subjective standard, the prison officials responsible for the deprivation have been "deliberately indifferent to

4

inmate health or safety." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)); *Farmer,* 511 U.S. at 837; *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

Thus, Norris must allege that his placement on lockdown and subsequent segregation from other inmates was due to deliberate indifference, *i.e.* he must allege that prison officials knew of and disregarded a substantial risk of serious harm to him. *Farmer*, 511 U.S. at 834. Norris has alleged no such injury or harm of any kind resulting from his placement away from other inmates. In fact, Norris states that the jail should not have placed him in population with other inmates for safety reasons given that he was off his medications. ECF No. 1, ¶IV, at 5.

Only when conditions such as administrative segregation are designed to punish a pretrial detainee for the pending charge (not any prison-related misconduct) would there be a potential due process issue because pretrial detainees, unlike convicts, have a constitutional protected liberty interest in avoiding punishment:

> In considering whether a condition of confinement resulted in the deprivation of liberty without due process of law, the inquiry focuses on whether the condition or restriction was punitive because the State may not punish pretrial detainees. The fact that detention interferes with the detainee's understandable desire to live as comfortably as possible does not equate to punishment. However, an arbitrary or purposeless restriction on a pretrial detainee leads to the inference that the restriction is punitive. The effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inferences that such restrictions are intended as punishment.

*Serton v. Sollie*, No. 02-61010, 2003 WL 22849840, at *3 (5th Cir. 2003) (citations, quotation marks, and brackets omitted). But not every restriction in pretrial detention "amounts to 'punishment' in the constitutional sense." *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without

5

more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Bell*, 441 U.S. at 540.  Therefore, unless administrative lockdown or housing conditions impose hardships on the detainee which are "atypical and significant" in relation to the ordinary incidents of prison life, any challenge regarding Norris's placement on lockdown or housing away from other inmates necessarily fails. *Rhine v. City of Mansfield*, 499 F. App'x 334, 335 (5th Cir. 2012); *Kimble v. Lopinto*, No. 19-13078, 2020 WL 4550550, at *7 (E.D. La. June 18, 2020), *R.&R. adopted*, No. 19-13078, 2020 WL 4546966 (E.D. La. Aug. 6, 2020).

Further, the court must accord "the widest possible deference" to the facility in classifying inmates as necessary "to maintain security and preserve internal order," even in the pretrial detainee context. *Perez v. Anderson*, 350 F. App'x 959, 962 (5th Cir. 2009) (quoting *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008)); *Gibbs v. Grimmette*, 254 F.3d 545, 548 n.1 (5th Cir. 2001) (applying *Sandin* to the due process claim of a pretrial detainee). When a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, "it does not, without more, amount to 'punishment'" of the pretrial detainee. *Bell*, 441 U.S. at 539; *Alderson v. Concordia Parish Corr'l Facility*, 848 F.3d 415, 420 (5th Cir. 2017).

Even being placed in administrative segregation after being "improperly classified as a safety risk" and being denied a hearing about being placed in segregation does not implicate a liberty interest. *Huff v. Thaler*, 518 F. App'x. 311, 311 (5th Cir. 2013) (citing *Hernandez*, 522 F.3d at 562–64). Thus, a jail's policy of placing inmates on lockdown, or other classification for safety reasons, does not involve a protected liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that "administrative segregation, without more, does not constitute a deprivation

of a constitutionally cognizable liberty interest."); *see also Mitchell v. Denton Cnty.*, No. 4:18-CV-399-ALM-KPJ, 2022 WL 989392, at *8 (E.D. Tex. Feb. 28, 2022) (recognizing that a pretrial detainee has no liberty interest in residing among the jail's general population, and where he is placed in administrative segregation for safety concerns, the condition of confinement cannot be grounds for a constitutional claim because the condition is not punitive but rather has a valid penological purpose) (citing *Hogan v. Bexar Cnty.*, No. SA-20-cv-652, 2021 WL 4037597, at *5 (W.D. Tex. Sept. 3, 2021) ("Where a pretrial detainee has been placed in administrative segregation out of concerns for his safety, any alleged injuries from this condition of confinement cannot be grounds for a constitutional claim, as the condition is not punitive but rather has a valid penological purpose."), *R.&R. adopted*, No. 4:18-CV-399-ALM-KPJ, 2022 WL 987819 (E.D. Tex. Mar. 31, 2022).

Thus, it would be unnecessary to afford Norris an inherently futile opportunity to file an amended complaint to name a TPCJC official as a defendant. *See, e.g., Smith v. Terrebonne Par. Crim. Just. Complex*, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) ("[T]he Court need not give plaintiff an opportunity to amend his complaint to name a proper defendant, because it is clear that his underlying claim is frivolous and/or fails to state a claim on which relief may be granted . . ."); *see also Martzen v. McLane*, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has "already alleged his best case and . . . any further amendment would not have stated a valid § 1983 claim").

Given the wide deference afforded prison officials to classify inmates as necessary "to maintain security and preserve internal order" and absent any allegation that administrative segregation imposes hardships on the detainee which are "atypical and significant" in relation to

the ordinary incidents of prison life, Norris's claim that he was placed on lockdown and later housed away from other inmates, without more, does not constitute cruel and unusual punishment or a deprivation of a constitutionally cognizable liberty interest as necessary to support a § 1983 claim.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Kelly Nolan Norris's 42 U.S.C. § 1983 claims against defendant Terrebonne Parish Criminal Justice Complex be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 12th day of June, 2025.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.